UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80854-CIV-HURLEY/HOPKINS

GLORIA FISHER and
ELAINE WUNDERLICH,

        Plaintiffs,

vs.

HOME DEVCO/TIVOLI ISLES, LLC,

        Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFFS' MOTION FOR IMMEDIATE ENTRY OF FINAL JUDGMENT (DE 39, 42)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiffs' Motion for Immediate Entry of Final Judgment to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 40).

This Court has before it Plaintiffs' motion, filed on November 5, 2008. Plaintiffs' motion seeks the entry of final judgment based on Defendant's alleged failure to comply with the terms of the parties' settlement agreement. On December 8, 2008, this Court issued an Order to Show Cause to Defendant in light of the fact that the ten (10) day period in which to respond to Plaintiffs' motion had expired, and no response was filed. (DE 41). The Order directed Defendant to respond within five days and warned that failure to do so could result in this Court recommending that the District Court impose all of the remedies sought by Plaintiffs in their motion. Despite this warning, Defendant failed to respond to the Court's Order.

After considering the motion, Defendant's lack of a response to it or this Court's Order, in addition to Defendant's lengthy history of failing to respond to motions and the Orders of this Court, and being otherwise advised on the premises, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion for the Immediate Entry of Final Judgment.  *See* S.D. Fla. L.R. 7.1.C (April 2007)(explaining that failure to file a memorandum in opposition "may be deemed sufficient cause for granting the motion by default"); *Mastercard Int'l Inc., v. Ishak*, 2004 WL 1059795, *2–*3 (S.D. Fla. Mar. 11, 2004)(defendants' failure to respond to the motions was sufficient cause to grant the plaintiff's motions by default).

The Court has also reviewed Plaintiffs' request for attorney's fees and costs in the amount of $706.47.  Although Defendant does not raise any objection to the amount sought, the Court is nevertheless obligated to consider the reasonableness of the award.  *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2008 WL 54401, *4 (S.D. Fla. Jan. 2, 2008)(court must "exercise independent judgment when reviewing a claim for hours reasonably expended"); *Montgomery v. Florida First Financial Group, Inc.*, 2007 WL 1789115, *2 (M.D. Fla. June 19, 2007)(despite party's failure to object to the amount of attorney's fees sought, court awarded fees it found to be reasonable).  Here, Plaintiffs' counsel spent 2.4 hours of time at an hourly rate of $275 in her efforts to enforce the parties' settlement agreement.  The Court finds that the time spent and counsel's hourly rate are reasonable, as well as the nominal costs incurred and, thus, **RECOMMENDS** that the District Court **GRANT** Plaintiffs' request for attorney's fees and costs.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation

with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 31 day of December, 2008, at West Palm Beach in the Southern District of Florida.

*[signature: James M. Hopkins]*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record